**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SCOTT REED TURNLUND,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No. 2:06-CV-0450-RDP** |
| | } | |
| **PFIZER, INC., et al.,** | } | |
| | } | |
| **Defendants.** | } | |

**<u>MEMORANDUM OPINION</u>**

The court has before it the following motions: (1) Plaintiff's Motion to Obtain Discovery from Non-Party Dr. Jenny A. Blanchard (Doc. # 8); (2) Defendant Pfizer, Inc.'s Motion to Dismiss and Transfer (Doc. # 9); (3) Defendant Henry A. McKinnell's Motion to Dismiss and Transfer (Doc. # 13); (4) Plaintiff's Motion for Leave to Amend and/or Supplement Complaint (Doc. # 16); and (5) Plaintiff's Motion to Appoint Counsel (Doc. # 19).

As a preliminary matter, the court finds that Plaintiff's Motion for Leave to Amend and/or Supplement Complaint (Doc. # 16) is due to be granted while Plaintiff's Motion to Appoint Counsel (Doc. # 19) is due to be denied.  With respect to Defendant Pfizer, Inc. and Defendant Henry A. McKinnell's Motions to Dismiss and Transfer (Docs. # 9, 13) the court finds, for the reasons outlined below, that this case is due to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.      Procedural History and Plaintiff's Allegations**

Plaintiff, who is proceeding *pro se*, has filed two complaints in the Northern District of Alabama alleging substantially similar allegations.  His first complaint was filed on February 8, 2006 and was assigned to Judge Inge Johnson.  (Doc. # 9, Ex. A)(*Turnland v. Pfizer Corporation, et al.*,

CV-06-J-0272-S).  The primary factual allegation of that complaint was that, as a result of his use of the prescription drug Neurontin which is manufactured by Pfizer, Inc.,  Plaintiff "started to experience behavioral problems, depression, thought disorders, anger and other side effects that led to an assault on his brother that caused his death." (Doc. # 9, Ex. A at 5).  On February 13, 2006, Judge Johnson dismissed Plaintiff's complaint without prejudice for failure to state a claim, finding that any viable causes of action for negligence and fraud in promoting Neurontin belong to the estate of the person murdered by Plaintiff, not to Plaintiff himself. (Doc. # 9, Ex. B).

Although Plaintiff sought to amend the previously dismissed complaint and to alter, amend, or vacate the Judge Johnson's dismissal order, those motions were denied.  (Doc. # 9, Exs. C, D, E, F).  Nonetheless, Plaintiff filed an "Amendment to Complaint" on February 28, 2006 in Judge Johnson's case that also alleged that the use of Neurontin caused Plaintiff to assault and murder his brother.  (Doc. # 9, Ex. G, at 3).

On March 9, 2006, Plaintiff filed a new case, which was assigned to the undersigned, alleging substantially similar allegations to those made in the prior complaints and amendments dismissed by Judge Johnson, including  that his use of Neurontin "led to the injury on himself by assaulting his brother, which resulted in his brother's death in 2001."  (Doc. # 1, at 3).  Plaintiff's complaint appears to claim that Pfizer failed to inform or warn him that Neurontin was not approved by the FDA for the purpose for which it was allegedly prescribed to Plaintiff and therefore failed to notify him of the side effects of Neurontin as prescribed to him.  (Doc. # 1).  Plaintiff alleges that his use of Neurontin cased him to suffer many injuries, including months of "psychological suffering," a suicide attempt, and bouts of aggressive behavior including a deadly assault by Plaintiff on his brother.  (Doc. # 1).

Defendants Pfizer, Inc. and Henry A. McKinnell, President of Pfizer, Inc., have filed motions to transfer and dismiss that seek virtually identical relief:  transfer this case to Judge Johnson and ask Judge Johnson to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

## II.    Transfer Request

In support of their request to transfer, Defendants argue that "[b]ecause the February 28, 2006, 'amendment' remains a part of the file in case number CV-06-J-0272-S, the propriety of this claim is due to be determined by Judge Johnson."  (Doc. # 9).   The court is perplexed by the relief sought by Defendants given that the case before Judge Johnson was administratively closed on February 13, 2006, when the court dismissed Plaintiff's claims pursuant to Rule 12(b)(6).  (Doc. # 9, Ex. B).  Although Plaintiff twice sought to amend his complaint after the dismissal of his claims, the court denied that relief.  (Doc. # 9, Exs. C,D,E,F).   Thereafter, despite Judge Johnson's rulings, Plaintiff filed - without leave of court - an "Amendment to Complaint."   (Doc. # 9, Ex. G). Although that filing remains on the docket sheet in Judge Johnson's case, it does not require any action by Judge Johnson or the court.   Judge Johnson twice denied Plaintiff's requests for amendment even after the case was closed, rendering Plaintiff's most recent filing in that case invalid and ineffective.

Thus, even if this court were persuaded that Judge Johnson should determine the merits of Plaintiff's complaint filed in this case (which it is not), the court could not "transfer" Defendants'

---

[1] Defendant McKinnell's motion also seeks dismissal on the grounds that Plaintiff fails to make any specific allegations against McKinnell (other than alleging that he is president of Pfizer, which is not actionable standing alone) and that this court lacks personal jurisdiction over McKinnell because he is a resident of Connecticut.  (Doc. # 13). The court is persuaded by McKinnell's arguments and finds that the claims against him are due to be dismissed for these alternative reasons.

3

motion to a closed case or otherwise consolidate this case with a case previously filed before another judge that is no longer active.  Accordingly, the court will deny Defendants' request to transfer this matter to Judge Johnson.

### III.    Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6)

Although transfer to Judge Johnson is inappropriate here, the court is persuaded by Defendants' argument that Plaintiff's complaint in this case is due to be dismissed because, like the complaint previously filed by Plaintiff before Judge Johnson, it too fails to state a claim upon which relief can be granted.[2]  A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).   In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party."  *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)).   Conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.  *Oxford Asset Mgmt., Ltd. v. Jaharis*,

---

[2] To be clear, however, the court rejects Defendants' contention that Judge Johnson's Rule 12(b)(6) dismissal of Plaintiff's case was an adjudication on the merits and that this case is due to be dismissed for that reason.  Judge Johnson's ruling specifically stated that Plaintiff's complaint was dismissed *without prejudice*.  (Doc. # 9, Ex. B).  In any event, although consideration of "[w]hether a complaint states a claim for which relief may be granted is a question of the merits of the suit," *Legal Environmental Assistance Foundation, Inc. v. Pegues*, 904 F. 2d 640, 642 (11th Cir. 1990), or, in other words, an evaluation of whether the lawsuit has merit, it is not an adjudication *on the merits* such that the case is dismissed with prejudice and cannot be refiled under the principles of *res judicata*.  Indeed, a plaintiff whose claim has been dismissed under Rule 12(b)(6) may, and often does, refile a complaint that alleges a sufficient claim for relief (unless he is prevented from doing so by the statute of limitations or other bar to suit).  Thus, the court is not persuaded by Defendants' argument that Judge Johnson's dismissal of Plaintiff's complaint in that case operates as a final judgment on the merits and serves as an independent basis for dismissal of this case.

297 F.3d 1182, 1188 (11th Cir. 2002).

"Rule 8 requires that federal courts give pleadings a liberal reading in the face of a 12(b)(6) motion to dismiss . . . . particularly [] when the parties are proceeding *pro se*." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).  Courts do - and should - show a leniency to *pro se* litigants not enjoyed by those who are represented or have the benefit of a legal education.  *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir.1990).  "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party, [] or to rewrite an otherwise deficient pleading in order to sustain an action []."  *GJR Investments, Inc.*, 132 F.3d at 1369 (internal citations omitted).

Against this legal standard, and even providing Plaintiff the appropriate level of leniency, it is clear that Plaintiff's complaint, liberally construed, fails to state any claim upon which relief can be granted against these Defendants.  Plaintiff's sole allegation is that Pfizer (and McKinnon in his role as President of Pfizer) failed to notify Plaintiff of the potential side effects of Neurontin as it was prescribed to him and failed to inform him that Neurontin allegedly is not FDA-approved for the disorder for which it was prescribed to Plaintiff.  Plaintiff's complaint does not allege claims against the doctor who allegedly prescribed this medication to Plaintiff; Plaintiff seeks relief only against the manufacturer of the medication.  Notably absent from Plaintiff's complaint is any allegation that Pfizer or McKinnon knew or should have known that Plaintiff's prescribing doctor allegedly misprescribed Neurontin to him.  Without such an allegation, Plaintiff's claims against Pfizer and McKinnon are fatally deficient under Rule 12(b)(6).  Accordingly, the court finds that Plaintiff's claims in this case are due to be dismissed without prejudice for failure to state a claim upon which relief can be granted.   A separate order will be entered.

**DONE** and **ORDERED** this ___21st___ day of July, 2006.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE